**O'BRIEN, BELLAND & BUSHINSKY, LLC**
509 S. Lenola Road
Building 6
Moorestown, NJ 08057
(856) 795-2181
*By:* Steven J. Bushinsky, Esquire
Thomas J. Sinclair, Esquire
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE SHEET METAL WORKERS LOCAL 19 HEALTH & WELFARE FUND; TRUSTEES OF THE SHEET METAL WORKERS LOCAL 19 PENSION FUND; TRUSTEES OF THE SHEET METAL WORKERS LOCAL 19 SUPPLEMENTAL UNEMPLOYMENT BENEFITS FUND; TRUSTEES OF THE SHEET METAL WORKERS LOCAL 19 ANNUITY FUND; TRUSTEES OF THE SHEET METAL WORKERS LOCAL 19 JOINT APPRENTICESHIP FUND OF PHILADELPHIA AND VICINITY, and<br>1301 South Columbus Boulevard<br>Philadelphia, PA 19147,<br><br>SHEET METAL WORKERS LOCAL UNION NO. 19<br>1301 South Columbus Boulevard<br>Philadelphia, PA 19147,<br>*Plaintiffs,*<br>v.<br><br>J&M CUSTOM SHEET METAL, LLC<br>1331 New Brooklyn Road<br>Erial, NJ 08081<br>*Defendant.* | Case No.<br><br>**COMPLAINT** |

Plaintiffs, by and through undersigned counsel, state as follows:

## **INTRODUCTION**

1. This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1001 *et seq.*, and the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. §185. Plaintiffs seek judgment against Defendant awarding delinquent contributions, accrued interest, liquidated damages, work assessments, and attorneys' fees and costs now due and hereafter due through the date of judgment, owed by Defendant, pursuant to ERISA Sections 502(g)(2) and 515, 29 U.S.C. §§1132(g)(2) and 1145, the parties' Collective Bargaining Agreement and the respective Agreements and Declaration of Trust ("Trust Agreements") governing the Funds.

## **JURISDICTION**

2. Jurisdiction in this action arises under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et. seq*. ("ERISA"), § 502 and § 515, 29 U.S.C. § 1132, and § 1145, in that Plaintiffs seek to enforce the provisions of ERISA and the terms of their governing documents as a result of Defendant's failure to comply with the terms of its Collective Bargaining Agreement ("CBA") and/or other labor agreement(s), entered into with Plaintiffs' affiliated local unions and/or district council.

3. Jurisdiction also exists in this Court by virtue of the Labor Management Relations Act (“LMRA”) § 301, 29 U.S.C. § 185, in that Plaintiff Sheet Metal Workers No. 19’s (“Plaintiff Union,” “the Union,” or “Local 19”) duly authorized officers or agents are engaged in this district representing and acting on behalf of employee union members by enforcing the terms and conditions of a valid CBA and/or other labor agreement.

4. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with ERISA § 502(h), 29 U.S.C. § 1132(h).

## VENUE

5. Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs’ discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. The plans are administered in this district, and the alleged breach of ERISA and the LMRA took place in this district. Thus, jurisdiction and venue are properly grounded with this Court.

6. Venue exists in this Court with respect to the claims under LMRA § 301, 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Union conducts

business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

**PARTIES**

7. Plaintiffs, Trustees of the Sheet Metal Workers Local No. 19 Health and Welfare Fund, Pension Fund, Supplemental Unemployment Benefit Fund, Annuity Fund, and the Sheet Meetal Workers' Joint Apprenticeship Fund of Philadelphia and Vicinity ("Plaintiff Funds" or "Funds"), are trust funds established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and are employee benefit plans established and maintained pursuant to Sections 3(1), (2), and (3) of ERISA, 29 U.S.C. §§ 1002(1), (2), and (3), for the purpose of providing health, retirement and other benefits to eligible participants and their beneficiaries.

8. Plaintiff Funds are "multiemployer plans," "employee benefit plans," and "employee welfare benefit plans" within the meaning of ERISA Section 3(37), (A), 29 U.S.C. §§ 1002(37), (A).

9. Plaintiff Trustees are "Fiduciaries" of the Funds within the meaning of Section 3(16) and (21) of ERISA, 29 U.S.C. §§ 1002(16) and (21).

10. The Trustees have standing to commence this action under ERISA Section 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)(B).

11. The Trustees bring this action on behalf of the Funds' participants and beneficiaries pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145 and § 301 of LMRA, 29 U.S.C. § 185.

12. The Funds maintain their principal place of business at 1301 South Columbus Boulevard, Philadelphia, PA 19147.

13. Plaintiff, Sheet Metal Workers Local No. 19's ("Plaintiff Union," "the Union," or "Local 19") is an unincorporated labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4), and represents employees in an industry affecting commerce.

14. The Union brings this action on behalf of its members pursuant to the terms and conditions of the parties' CBA.

15. The Union maintains its principal place of business at 1301 South Columbus Boulevard, Philadelphia, PA 19147.

16. Defendant J&M Custom Sheet Metal, LLC ("J&M," "Defendant," or "Employer") is a party of interest as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively, is an employer in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §§ 152(2), (6) and (7), and §§ 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12).

17. Upon information and belief, Defendant's principal place of business is located at 1331 New Brooklyn Road, Erial, NJ 08081.

18. Defendant conducted and/or conducts business in the Commonwealth of Pennsylvania.

## FACTS COMMON TO ALL CLAIMS

19. At all times relevant hereto, Defendant was party to and agreed to abide by the terms and conditions of a CBA with Plaintiff Union or one or more labor unions affiliated with the Union.

20. Under the terms of the CBA and the governing documents of the Plaintiffs (the "Trust Agreements"), which are incorporated into the CBA and made binding on Defendant, Defendant is required to regularly pay to the Plaintiffs fringe benefit contributions and union work assessment dues for each represented employer covered by Defendant's employees. Contributions are required to be remitted on the basis of hours of wages paid, in accordance with CBA, and are considered delinquent if not timely received. The Defendant is also required, pursuant to the CBA and/or Trust Agreements, to pay liquidated damages for each delinquent contribution. The CBA and/or Trust Agreements also provide that interest accrues on delinquent contributions at the rates reasonably set by the Boards of Trustees from the day contributions become delinquent until paid.

21. The CBA and/or Trust Agreements further require that Defendant maintain time records or timecards and submit any and all relevant records to Plaintiffs for examination to determine whether Defendant is making full and prompt payment of all sums required to be paid by Defendant to Plaintiffs. Should an audit of Defendant's records reveal Defendant has failed to provide full and prompt payment of all sums due, Defendant must reimburse Plaintiffs for the amounts due, including audit fees and attorneys' fees, in addition to any other obligations pursuant to the CBA and Trust Agreements. Plaintiffs hereby reserve the right to complete an audit and claim all amounts found due.

22. By virtue of the CBA, Trust Agreements, the Collection Policy, and in accordance with relevant law, Defendant is obligated:

a. To timely remit fringe benefit contributions to the Funds on behalf of its eligible employees who are members of, or are represented by, Plaintiff Union ("bargaining unit employees"), including an obligation to remit benefit contributions on behalf of employees who are not members of Plaintiff Union, but who perform bargaining unit work and are employed within the Union's geographical jurisdiction;

b. To submit weekly remittance reports to the Funds detailing all bargaining unit employees who worked in each period of time, the wages paid to those employees in that period, and the amounts of fringe benefit contributions to be remitted

to the Funds on behalf of said employees based upon the wages paid by Defendant on behalf of its bargaining unit employees;

c. To pay liquidated damages, interest, and all costs of litigation, including attorneys' fees expended by the Funds to collect any amounts due as a consequence of Defendant's failure to comply with its contractual and statutory obligations;

d. To abide by the terms of the Policy for the Collection of Delinquent Contributions for the Funds; and

e. To deduct union work assessment dues and other payments from the wages of Union member employees and transmit them to the Union.

23. Defendant prepares the weekly remittance report described above on a self-reporting basis without assistance from the Union or Funds.

**COUNT ONE**
**Failure to Remit Contributions Under ERISA**

24. Plaintiffs incorporate the allegations of Paragraphs 1 through 23 of this Complaint as if set forth herein in their entirety.

25. At all times relevant hereto, Defendant was party to and agreed to abide by the terms and conditions of an CBA with Plaintiff Union or one or more labor unions affiliated with the Union in effect between requiring that certain fringe benefit contributions be made to Plaintiff Funds on behalf of eligible members.

29. By virtue of the CBA, Defendant agreed to abide by the terms of an Agreement and Declaration of Trust which governs each of the Funds (collectively "Trust Agreements"), as well as the Collection Policy. The Trust Agreements sets forth the rules and regulations with respect to participation in and administration of the Funds. In particular, the Trust Agreements, in accordance with federal law and administrative regulations, requires that fringe benefit contributions be made for eligible participants on a timely basis.

30. Defendant has failed to pay, or has only paid a portion of, the contributions as required by the CBA, Trust Agreements, and Collection Policy for the period including, but not limited to, the payroll periods of February 22, 2026 through July 5, 2026 totaling $135,232.04.

31. Payment of the delinquent contribution has been demanded by the Funds, but Defendant has refused to submit the required payments.

32. Defendant's failure to make benefit contributions due under the Labor Contract, Trust Agreements or Plan Documents of the Plaintiff ERISA Funds is in violation of ERISA Section 502, 29 U.S.C. §1132, establishing a claim to enforce Section 515, 29 U.S.C. §1145, for a period not barred by an applicable statute of limitations or similar bar.

33. The Funds are adversely affected or damaged as a proximate result of

Defendant's failure to pay benefit contributions in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

34. This action seeks damages pursuant to the Funds' CBA, Trust Agreements, Collection Policy, and ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), under which this Court is directed to award all unpaid contributions, interest, liquidated damages, reasonable attorneys' fees, court costs, and any other relief which the Court deems appropriate.

**WHEREFORE**, Plaintiff Funds respectfully request the Court enter Judgment for the following relief:

(A) Order Defendant to pay all contributions due and owing to the Funds as provided by 29 U.S.C. § 1132(g)(2)(A), CBA, Trust Agreements, and Collection Policy;

(B) Order Defendant to pay interest on the delinquent contributions as provided by 29 U.S.C. § 1132(g)(2)(B), CBA, Trust Agreements, and Collection Policy;

(C) Order Defendant to pay liquidated damages provided for under the Trust Agreements and Collection Policy in an amount not in excess of twenty percent (20%) (or such percentage as may be permitted under Federal or State law) of the

amounts of unpaid contributions as determined by the Court as provided by ERISA 29 U.S.C. § 1132(g)(2)(C)(ii), CBA, Trust Agreements, and Collection Policy;

(D) Order Defendant to pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of this action as provided by ERISA 29 U.S.C. § 1132(g)(2)(D), CBA, Trust Agreements, and Collection Policy; and

(E) Order any such other and further relief as this Court may deem equitable, just and appropriate as provided by 29 U.S.C. § 1332(g)(2)(E).

**COUNT TWO**
**Failure to Remit Contributions**
**Under the CBA/Labor Agreement(s)**

35. Plaintiffs incorporate the allegations of Paragraphs 1 through 23 of this Complaint as if set forth herein in their entirety.

36. At all times relevant hereto, Defendant was party to and agreed to abide by the terms and conditions of an CBA with Plaintiff Union or one or more labor unions affiliated with the Union in effect between requiring that certain fringe benefit contributions be made to Plaintiff Funds on behalf of eligible members.

37. By virtue of the CBA, Defendant agreed to abide by the terms of an Agreement and Declaration of Trust which governs each of the Funds (collectively "Trust Agreements"), as well as the Collection Policy. The Trust Agreements sets forth the rules and regulations with respect to participation in and administration of the

Funds. In particular, the Trust Agreements, in accordance with federal law and administrative regulations, require that fringe benefit contributions be made for eligible participants on a timely basis.

38. Defendant has failed to pay, or has only paid a portion of, the contributions as required by the CBA, Trust Agreements, and Collection Policy for the period including, but not limited to, the payroll periods of February 22, 2026 through July 5, 2026 totaling $135,232.04.

39. Payment of the delinquent contribution has been demanded by the Funds, but Defendant has refused to submit the required payments.

40. The Funds are adversely affected or damaged as a proximate result of Defendant's failure to pay benefit contributions in violation of the CBA, Trust Agreements, and Collection Policy.

41. This action seeks damages pursuant to the Funds' CBA, Trust Agreements, or Collection Policy.

42. **WHEREFORE**, Plaintiff Funds respectfully request the Court enter Judgment for the following relief:

(A) Order Defendant to pay all contributions due and owing to the Funds as provided by the CBA, Trust Agreements, and Collection Policy;

(B) Order Defendant to pay interest on the delinquent contributions as provided by the CBA, Trust Agreements, and Collection Policy;

(C) Order Defendant to pay liquidated damages provided for under the Trust Agreements and Collection Policy in an amount not in excess of twenty percent (20%) (or such percentage as may be permitted under Federal or State law) of the amounts of unpaid contributions as determined by the Court as provided by the CBA, Trust Agreements, and Collection Policy;

(D) Order Defendant to pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of this action as provided by the CBA, and Trust Agreements, and Collection Policy; and

(E) Order any such other and further relief as this Court may deem equitable, just and appropriate.

## COUNT THREE
## Failure to Remit Work Assessments

43. The allegations of Paragraphs 1 through 42 are incorporated by reference as if fully set forth herein.

44. At all relevant times, Defendant was and is signatory to the CBA.

45. The CBA provides that Defendant must deduct union dues known as "work assessments" from the wages of employees who are members of Plaintiff Union and transmit them to the Union.

46. Defendant violated the CBA by deducting these amounts from bargaining unit employees' wages for the periods including, but not limited to, February 22, 2026 through July 5, 2026, but not transmitting the work assessments to the Plaintiff Union.

47. Payment of the work assessments has been demanded by Plaintiff Union, but Defendant has refused to submit the required payments.

**WHEREFORE**, Plaintiff Union respectfully requests this Court to enter Judgment for the following relief:

(A) Order Defendant to pay damages including work assessments and costs of suit to the Plaintiff Union as provided by the CBA and 29 U.S.C. § 187(b); and

(B) Order such further legal, equitable or other relief as is just and proper.

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**

*Attorneys for Plaintiffs*

By: */s/Thomas J. Sinclair*
Thomas J. Sinclair, Esquire
Steven J. Bushinsky, Esquire
509 S. Lenola Road
Building 6
Moorestown, NJ 08057
856-795-2181/Fax 856-581-4214
tsinclair@obbblaw.com

Dated: October 21, 2026